IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

**Plaintiff:**   THOMAS MARTINEZ,

**v.**

**Defendants:**   UNITED STATES OF AMERICA and SUSAN K. DYCK,

## COMPLAINT

COMES NOW the Plaintiff, Thomas Martinez, by and through his undersigned counsel, Thomas A. Bulger, Esq., of the Silvern Law Offices, P.C., and respectfully submits this Complaint against the Defendant, The United States of America, and Susan K. Dyck, and in support thereof states as follows:

### PARTIES

1. Plaintiff, Thomas Martinez, is a natural person who resides at 4746 West Hayward Place, Denver, Colorado 80212.

2. The Defendant is the United States of America ("United States"), based on the alleged wrongful conduct of Susan K. Dyck, an employee of the United States Census Bureau. The Census Bureau maintains its Regional Office at 6900 W. Jefferson Avenue, Suite 100, Lakewood, Colorado 80235-2032.

3. Defendant Susan Dyck is (or at all pertinent times was) an employee of the United States Census Bureau, and therefore of the Defendant United States, and is a natural person, who upon information and belief resides at 3159 Depew Street, Wheat Ridge, Colorado 80033. If

Defendant united States certifies that Ms. Dyck was its employee and acting in the course of her employment pursuant to 28 U.S.C.§ 2679 (d)(1).

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, and/or the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2672 et seq., and/or other federal law, this Court has jurisdiction over Plaintiff's claim which arises out of a motor vehicle collision which occurred in the City of Wheat Ridge, Jefferson County, Colorado, between Plaintiff and an employee of the United States.

5. Pursuant to 28 U.S.C. § 2680, venue is proper in this Court as the Defendant is the United States federal government; Defendant Dyck resides in Colorado; and because the site of the incident giving rise to this claim occurred within the State of Colorado.

## ADMINISTRATIVE REMEDIES

6. On or about March 31, 2006, Mr. Martinez presented his claim to the United States by letter, and by formal "claim for damage, injury or death" pursuant to 28 U.S.C. §2675.

7. On or about October 11, 2006, Defendant United States denied Mr. Martinez's claims in their entirety.

8. Mr. Martinez has therefore exhausted all administrative remedies provided by the Act and this action is timely filed.

## FACTUAL ALLEGATIONS

9. On or about February 14, 2005 at approximately 1:24 p.m., Ms. Susan K. Dyck, an employee of the Defendant, and of the United States Census Bureau, while acting within the

scope of her employment by conducting a census inquiry, backed her motor vehicle into the Plaintiff, Mr. Thomas Martinez, at his property located at 7215 West 29th Avenue, Wheat Ridge, Jefferson County, Colorado.

10. The incident occurred in the driveway of the aforementioned address.

11. This incident was the culmination of weeks of harassment and intrusions into Plaintiff's privacy by Susan K. Dyck.

12. Susan K. Dyck had in the past trespassed on Plaintiff's property, including looking through his windows; misrepresented herself as a potential renter, to obtain information; and intruded on Mr. Martinez's privacy with late night and/or weekend telephone calls attempting to convince him to complete a census inquiry, causing inconvenience (and eventually fear) for his safety.

13. Plaintiff filed a complaint with the Wheat Ridge police regarding these "stalking" incidents. Upon information and belief, the police informed Ms. Dyck of the complaint and to cease contacting Mr. Martinez.

14. Despite Plaintiff's and the local police's request that Ms. Dyck cease harassing him, Ms. Dyck, on or about February 14, 2005, again entered the Mr. Martinez's private property.

15. Mr. Martinez confronted her, and told her he was contacting the police, and she attempted to flee in her motor vehicle.

16. In the process of attempting to flee Mr. Martinez's property, Ms. Dyck struck Plaintiff with her motor vehicle, pushing him into the street and causing him to fall and strike his arms, knee and back.

17. Ms. Dyck then fled the scene.

18. As a result of the above-referenced incident, Plaintiff sustained bodily injuries and harm.

19. Upon information and belief and at all pertinent times, Ms. Dyck was acting with the course and scope of her employment with the Defendant, the United States.

### FIRST CLAIM FOR RELIEF
### THOMAS MARTINEZ v. UNITED STATES OF AMERICA
### AND/OR SUSAN Dyck

20. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

21. Susan Dyck was negligent in the manner in which she operated her motor vehicle at the time of the aforementioned incident. Ms. Dyck's negligence includes, but is not limited to:

   a. Failure to maintain a lookout;

   b. Attempting to back-up when it was not safe to so;

   c. Fleeing the scene of an accident;

   d. Failing to exercise reasonable care under the circumstances.

In the alternative, Ms. Dyck negligently and/or knowingly attempted to strike Mr. Martinez with her vehicle to flee the scene before the police could arrive.

22. Susan Dyck's conduct was a cause of Plaintiff's injuries and damages as alleged herein.

23. Defendant United States was negligent in that it failed to properly instruct, train, monitor and supervise its employees in the execution of her duties.

24. Defendant United states us otherwise responsible for Ms. Dyck's actions, pursuant to the principles of agency, vicarious liability and/or respondent supervisor.

## DAMAGES

25. The Defendants', above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to past and future economic damages, including but not limited to medical and related expenses; lost earnings and/or earning capacity; past and future non-economic damages, including but not limited to bodily injury of a serious and permanent nature; pain and suffering; permanent physical disability; inconvenience; emotional stress; anxiety; loss of enjoyment of life; impairment of the quality of life; and any and all other consequential losses arising from the Defendants' negligence as provided by law.

## LEAVE TO AMEND

26. Plaintiff respectfully requests leave to amend his Complaint to add or delete any claims or parties after discovery reveals the facts regarding same.

WHEREFORE, Plaintiff respectfully requests damages against the Defendant as follows:

a. Compensatory damages as proven;

b. Costs of suit according to law, including but not limited to expert witness fees;

c. Attorneys fees according to law for attorney time expended as a result of any frivolous position which may be taken by Defendants, or on her and/or its behalf, during the course of this litigation, including but not limited to groundlessly denying negligence, or asserting any substantially groundless affirmative defense;

d. Interest pursuant the law;

e. Any and all relief authorized by the Act;

f. Such other further relief as this Court deems fit.

Dated: this 6th day of November, 2006.

        Respectfully submitted,

        SILVERN LAW OFFICES, P.C.
        1801 Broadway, Suite 930
        Denver, Colorado 80202
        303-292-0044


          s/ Thomas A. Bulger, Esq.
        Thomas A. Bulger

        *Attorney for Plaintiff*

Plaintiff's Address:
4746 W. Hayward Place
Denver, Colorado 80212