# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No.  06-cv-02239-RPM-CBS

THOMAS MARTINEZ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## SCHEDULING ORDER

### 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling/Planning conference was held on  January 30, 2007, at 8:30 a.m.

Appearing for the parties:

<u>For the Plaintiff</u>:

Thomas A. Bulger, Esq.
Silvern Law Offices, P.C.
1801 Broadway, Suite #930
Denver, Colorado 80202
(303) 292-0044

<u>For the Defendant</u>:

Mark S. Pestal
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202
(303) 454-0101
mark.pestal@usdoj.gov

## 2. STATEMENTS OF CLAIMS AND DEFENSES

### *a.   Plaintiff:*

At all pertinent times, Plaintiff was a citizen of the State of Colorado, residing at 4746 West Hayward Place, Denver, Colorado 80212.  On or about February 13, 2005, Mr. Martinez was struck and knocked over by a vehicle driven by Defendant, Ms. Susan K. Dyck. The incident occurred at a rental property owned by Plaintiff and located at 7215 West 29th Avenue, Wheat Ridge, Jefferson County, Colorado.  Plaintiff was pushed into the street by the impact of Defendant Susan K. Dyck's motor vehicle causing him to sustain injuries to his arms, knee and back.  Defendant Susan K. Dyck then fled the scene of the incident.

Upon information and belief, Defendant Susan K. Dyck was an employee of the United States, the United States Bureau of Census, and was within the course of her employment. Previously, Defendant Dyck had intruded into Plaintiff's privacy and harassed the Plaintiff causing him to fear for his safety, in an effort to convince him to complete a census inquiry. Plaintiff complained to local law enforcement offices of Defendant Susan K. Dyck's behavior. Despite warnings by the local police to cease her harassment of Mr. Martinez, Defendant Susan K. Dyck continued to confront Plaintiff on his property.  When Defendant Susan K. Dyck

intruded on Plaintiff's property on or about February 13, 2005, Mr. Martinez threatened to call police. Defendant Susan K. Dyck attempted to flee in her motor vehicle and in the process of backing up and eluding confrontation with the police, struck the Plaintiff, causing him to be pushed onto the street and suffer injuries and damages as a result, as alleged above.

Plaintiff has suffered injuries, damages and harm as a result, as alleged herein.

Said deprivation of Plaintiff's rights was the result of Defendant United States' failure to properly supervise its employees. This includes, but is not limited to: failing to adequately instruct, monitor and supervise employees; failing to provide protection from the threat of assault; and failure to prevent injury/assault upon Plaintiff. Defendant Susan K. Dyck was acting within the course and scope of her employment with the United States as a census taker with the Bureau of Census.

Plaintiff's claim is for negligence resulting in bodily injury, and/or causing other damages and harm.

### b. *Defendant:*

The United States denies that it, or its employee, Susan Dyck, was negligent on February 14, 2005, when she was performing her duties for the Census Bureau. At all times relevant hereto, Ms. Dyck was acting in a manner appropriate and reasonable under the circumstances presented by the plaintiff's hostile actions. Ms. Dyck used reasonable and proper care in the operation of her vehicle on the date in question. In any event, Ms. Dyck's actions did not cause plaintiff any compensable injury.

  *c.* *Other parties:*

  None at this time.

## 3. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff is a natural person who at all pertinent times was a citizen of Colorado.

## 4. COMPUTATION OF DAMAGES

Plaintiff states that discovery and investigation in this matter is in its initial stages, and the precise amount of damages have yet to be determined. Plaintiff claims the following damages:

  a. A declaratory judgment that the Defendant has violated Plaintiff's rights.

  b. Compensatory damages for his bodily injuries, including but not limited to as proven, including but not limited to past and future economic damages, including but not limited to medical and related expenses estimated at $41,814.25; past and future non-economic damages including but not limited to bodily injuries requiring medical care and treatment; pain and suffering; inconvenience; emotional stress, anxiety; loss of enjoyment of life; impairment of the quality of life; and any and all other consequential losses Defendant's wrongful conduct caused, as provided by law. He also reserves the right to assert claims for assault, willful and wanton misconduct and/or other claims pursuant to the common law.

  c. Costs of suit pursuant to C.R.S. § 6-1-113 and/or according to law, including but not limited to expert witness fees;

    d.    Attorney fees according to Federal law and/or for attorney time expended as a result of any frivolous position which may be taken by Defendant, or on its behalf, during the course of this litigation, including but not limited to groundlessly denying negligence, or asserting any substantially groundless affirmative defense.

    e.    Interest pursuant C.R.S. §§ 13-21-101 and/or other provision of law;

    f.    Such other and further relief as this court deems just and appropriate.

*Defendant:*

The United States has not lodged a counterclaim.

## 5. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(F)

a. Date of Rule 26(f) meeting: January 9, 2007

b. Names of each participant and party he represented.

Thomas A. Bulger, Esq. of Silvern Law Offices, P.C., for Plaintiff, and Mark S. Pestal, Assistant United States Attorney, for the Defendant.

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None at this time.

d. The parties will submit their Rule 26(a)(1) Disclosures on or before January 23, 2007.

e. The parties have not reached any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint

meetings, with clients to discuss settlements.

## 6.   CONSENT

*Indicate below the parties' consent choice.*

    (a)   (  ) <u>All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.</u>

    (b)   ( X ) <u>All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.</u>

## 7.  CASE PLAN AND SCHEDULE

(a) Deadline for Joinder of Parties and Amendment of Pleadings.

The parties do not anticipate a need for Joinder of Parties or Amendment of Pleadings. The deadline to do so will be February 28, 2007.

(b) Discovery Cut-off: July 31, 2007.

(c) Dispositive Motion Deadline: September 30, 2007.

(d) Expert Witness Disclosure:

The ~~plaintiff~~ **parties** will endorse **affirmative** expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2) on or before ~~March 2, 2007.~~ **April 16, 2007**

~~The defendant will endorse expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2) on or before April 6, 2007.~~

The parties shall endorse rebuttal expert witnesses on or before ~~April 30, 2007.~~ **June 8, 2007**

  (1) Plaintiff may need to call expert witnesses in the following fields:

    A. One or more medical experts, if necessary, to address Plaintiff's

     medical conditions;

    B. Any expert necessary for rebuttal.

  (2) Defendants may need to call expert witnesses in the following fields:

    Orthopedics and Rehabilitation medicine and psychiatry

  (3) State any limitations proposed on the use or number of expert witnesses.

    A. Plaintiff: Three, including treating physicians.

    B. Defendants: Three

  (4) Notwithstanding the provision of Fed. R. Civ. P. 26(a)(2)(B), no exception to

    the requirements of the rule will be allowed by stipulation of the parties unless

    the stipulation is approved by the Court.

**e. Deposition Schedule:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiff | | | 4 hours |
| Fed.R.Civ.P.30(b)(6) Representative of Defendant United States | | | 7 hours |
| Susan K. Dyck | | | 7 hours |
| Treating physicians | | | 2 hours |

**f. Interrogatory Schedule:**

The parties shall serve all written interrogatories in order that responses are received thirty-three days before the discovery cut-off, on or before June 27, 2007.

    **g.**    **Schedule for Request for Production of Documents:**

The parties shall serve all production requests in order that responses are received thirty-three days before the discovery cut-off, *i.e.*, on or before June 27, 2007.

    **h.**    **Discovery Limitations:**

(1)    Any limits which any party wishes to propose on the number of depositions.

    None, except as provided by the Fed. R. Civ. P.

(2)    Any limits which any party wishes to propose on the length of depositions.

    None, except as provided by the Fed. R. Civ. P.

(3)    Modifications which any party proposes on the presumptive number of depositions or interrogatories contained in the federal rule.

    None.

(4)    Limitations which any party proposes on number of requests for production of documents and/or request for admissions.

    25 requests for production per party

    25 requests for admission per party

    **i.**    **Other Planning or Discovery Orders.**

    None at this time.

## 8.  SETTLEMENT

The parties hereby certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternative dispute resolution.

Plaintiff feels that it is premature at this time to effectively discuss settlement since discovery has not yet commenced.

## 9.  OTHER SCHEDULING ISSUES

a.  A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.

The defendant anticipates moving for a Rule 35 independent medical examination of plaintiff.

b.  Anticipated length of trial is two days to the court.

## 10.  DATES FOR FURTHER CONFERENCES

a.  A settlement conference will be held on ~~January~~ April 13, 2007 at 1:30 pm.

**IT IS HEREBY ORDERED THAT ALL SETTLEMENT CONFERENCES THAT TAKE PLACE BEFORE THE MAGISTRATE JUDGE SHALL BE CONFIDENTIAL.**

( )  *Pro se* parties and attorneys only need be present.

(X)  *Pro se* parties, attorneys and client representatives with authority to settle must be present.  ( **NOTE**: this requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.

a. Each party shall submit a Confidential Settlement to the magistrate judge on or before **April 9, 2007**, outlining the facts and issues in the case and the party's settlement position.

b. Status conferences will be held in this case at the following dates and times:

_____

c. A final pretrial conference will be held in this case on _____ at \_\_\_\_\_o'clock\_\_\_.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 11. OTHER MATTERS

IN ADDITION TO FILING AN APPROPRIATE NOTICE WITH THE CLERK'S OFFICE, COUNSEL MUST FILE A COPY OF ANY NOTICE OF WITHDRAWAL, NOTICE OF SUBSTITUTION OF COUNSEL, OR NOTICE OF CHANGE OF COUNSEL'S ADDRESS OR TELEPHONE NUMBER WITH THE CLERK OF THE UNITED STATES MAGISTRATE JUDGE ASSIGNED TO THIS CASE.

IN ADDITION TO FILING AN APPROPRIATE NOTICE WITH THE CLERK'S OFFICE, A *PRO SE* PARTY MUST FILE A COPY OF A NOTICE OF CHANGE OF HIS OR HER ADDRESS OR TELEPHONE NUMBER WITH THE CLERK OF THE UNITED STATES MAGISTRATE JUDGE ASSIGNED TO THIS CASE.

WITH RESPECT TO DISCOVERY DISPUTES, PARTIES MUST COMPLY WITH D.C.COLO.LR 7.1. PARTIES OPPOSING A DISCOVERY MOTION SHALL HAVE 11

DAYS IN WHICH TO FILE A RESPONSIVE BRIEF.  NO REPLY BRIEFS WILL BE ACCEPTED.  DISCOVERY MOTIONS OR BRIEFS RELATING THERETO SHALL NOT EXCEED TEN PAGES IN LENGTH (NOT INCLUDING ATTACHMENTS OR APPENDICES).

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE <u>MOVING ATTORNEY'S CLIENT</u>, ALL ATTORNEYS OF RECORD, AND ALL *PRO SE* PARTIES.

### 12.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of <u>good cause</u>.

\*\*\*\*

DATED this 30th  day of January, 2007

BY THE COURT


<u>s/ Craig B. Shaffer</u>
Craig B. Shaffer
United States Magistrate Judge

SCHEDULING ORDER TENDERED
FOR REVIEW:

                                                 TROY A. EID
                                                 UNITED STATES ATTORNEY

| s/ *Thomas A. Bulger* | s/*Mark S. Pestal* |
|---|---|
| Thomas A. Bulger | Mark S. Pestal |
| Silvern Law Offices, P.C. | Assistant United States Attorney |
| 1801 Broadway, Suite 930. | 1225 17th Street, Suite 700 |
| Denver, Colorado 80202 | Denver, Colorado 80202 |
| 303-292-004 | (303) 454-0101 |
| | mark.pestal@usdoj.gov |

Attorneys for Plaintiff           Attorneys for Defendant