IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 11 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-CV-02239-RPM-CBS

THOMAS MARTINEZ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

# FINAL PRETRIAL ORDER

## 1. DATE AND APPEARANCES

A Calendar Call was held in this matter on February 29, 2008 at 8:05 a.m., before the Honorable Richard P. Matsch. It was determined that a Final Pre-Trial conference was unnecessary.

Appearing for the parties:

For the Plaintiff:

Thomas A. Bulger, Esq.
SILVERN LAW OFFICES, P.C.
1801 Broadway, Suite 930
Denver, Colorado 80202
(303) 292-0044

For the Defendant:

Mark Pestal
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202
(303) 454-0101

## 2. JURISDICTION

This Court has jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.* Venue is proper.

## 3. CLAIMS AND DEFENSES

### A. Plaintiff's Claims:

Plaintiff alleges that he was injured by a motor vehicle being operated by Ms. Susan Dyck on February 14, 2005. At the time Ms. Dyck was employed by the U.S. Department of Commerce, and was employed by (and working as) a U.S. census worker. Ms. Dyck entered Plaintiff's property and parked her car on the driveway. She exited her car and went up to Plaintiff's property, without permission, and began looking through the windows. When Plaintiff discovered Ms. Dyck, he told her he was calling the police (as this was the latest of a series of harassing incidents involving Ms. Dyck, which included late evening telephone calls and a total disregard for requests that she stop contacting Mr. Martinez). Plaintiff alleges that Ms. Dyck entered her car, and in an effort to flee and without exercising reasonable care, backed-

2

up her car up and into Plaintiff causing bodily injuries and harm.

Plaintiff's claim is for negligent operation of a motor vehicle.

## B. Defendant's Defenses:

Susan Dyck denies that in the course and scope of performing her duties as a census taker she injured plaintiff with her motor vehicle. On February 14, 2005, Mrs. Dyck, as part of her job assignment, had gone to a rental property in Wheat Ridge, Colorado, owned by the plaintiff to gather additional data from that location. While there, she encountered the plaintiff, who became upset and hostile, and who Mrs. Dyck perceived as physically threatening. To escape plaintiff's escalating hostility, Mrs. Dyck got into her car that was parked in the driveway in order to leave. While she backed slowly out of the driveway, she denies hitting plaintiff with her car. To the extent that plaintiff received any injury it was the result of his decision to position himself directly behind Mrs. Dyck's car as she attempted to leave. Thus, any injury that plaintiff suffered, for which there is a lack of credible evidence, resulted from his poor judgment and negligence in standing behind Mrs. Dyck's vehicle.

## 4. STIPULATIONS

The following facts are undisputed:

1. Susan Dyck was an employee of the Department of Commerce on February 14, 2005.

2. Susan Dyck was acting in the course and scope of her employment with the

Department of Commerce on February 14, 2005.

## 5. PENDING MOTIONS

None at this time.

## 6. WITNESSES

a.  *Non-expert* witnesses to be called by each party.

    (a)  Witnesses who *will* be present at trial:

**Plaintiff**:

(a)  Plaintiff, Thomas Martinez, 255 Allison Street Lakewood, Colorado 80226. He will be called to testify regarding most of the issues which comprise the subject matter of this lawsuit, and in particular, regarding liability and damages. This will included his prior interactions with Ms. Dyck. Mr. Martinez will testify in person.

(b)  Charles Barnett, 255 Allison Street Lakewood, Colorado 80226. He will be called to testify regarding his observations on February 14, 2005, and of prior interactions with Ms. Dyck. He will also testify regarding Plaintiff's injuries, and his observations thereof Mr. Barnett will testify in person.

**Defendant**:

(a)  Susan Dyck, 3159 Depew Street, Wheat Ridge, Colorado 80214. Mrs. Dyck

4

will be called in person to testify concerning her knowledge of the events which occurred on February 14, 2005.

2.     Witness who *may* be present at trial if the need arises:

**Plaintiff**:

(a)    Judy Sanchez, 984 Xenon Court, Golden, Colorado 80401. She may be called to testify regarding most of the issues which comprise the subject matter of this lawsuit, and in particular, regarding liability and damages. Ms. Sanchez will testify in person.

(b)    Detective Kevin Koback, 993, Wheat Ridge Police Department, 7500 West 29th Avenue, Wheat Ridge, Colorado 80033. He may be called to testify regarding his interactions with and investigation into Ms. Dyck. Detective Koback will testify in person.

(c)    Officer Brian E. Cook, Unit A19, Badge Number 042, Wheat Ridge Police Department, 7500 West 29th Avenue, Wheat Ridge, Colorado 80033. He may be called to testify regarding his interactions and investigation with Ms. Dyck. Officer Cook will testify in person.

(d)    Custodian of Records for United States of America, U.S. Department of Labor, to authenticate exhibits, if necessary.

5

(e)   Custodian of Records for Spine One, 8500 Park Meadows Drive, Suite 200, Lone Tree, CO 80124.

(f)   Custodian of Records for South Park Internal Medicine, 206 West County Line Road, #150, Highlands Ranch, Colorado 80129.

(g)   Custodian of Records for Rehabilitation Associates of Colorado, 9830 B-170, Frontage Road, S., Wheat Ridge, Colorado 80033.

(h)   Custodian of Records for Rocky Mountain Physiotherapy Associates, 8015 W. Alameda Parkway, Suite 110, Lakewood, Colorado 80220.

**Defendant**:

(a)   Dennis R. Johnson, Acting Regional Director, United States Department of Commerce, Economics and Statistics Administration, Regional Office, 6900 W. Jefferson Ave., Suite 100, Lakewood, CO 80235. Mr. Johnson may be called in person to testify about his knowledge of Mrs. Dyck and her duties as a Census representative.

(b)   Imelda Miller, Senior Field Representative, United States Census Bureau Regional Office, 6900 W. Jefferson Ave., Suite 100, Lakewood, Colorado 80235. Ms. Miller was present at the first contact Ms. Dyck had with the plaintiff.

(c)  Judy Litchenstein, Team A Supervisor, United States Census Bureau Regional Office, 6900 W. Jefferson Ave., Suite 100, Lakewood, Colorado 80235. Team A supervisor for monthly CPS assignments.

(d)  Barry Stevelman, Team B Supervisor, United States Census Bureau Regional Office, 6900 W. Jefferson Ave., Suite 100, Lakewood, Colorado 80235. Team B supervisor for the monthly CPS assignments.

(e)  Vicki McIntire, Assistant Regional Director, United States Census Bureau Regional Office, 6900 W. Jefferson Ave., Suite 100, Lakewood, Colorado 80235. Ms. McIntire may testify about her response to plaintiff's report of the incident.

b. *Expert* witnesses to be called by each party.

1.  Witnesses who *will* be present at trial:

**Plaintiff**:

(a)  Dr. Perry Haney, M.D., Spine One, 8500 Park Meadows Drive, Suite 200, Lone Tree, CO 80124. This witness will testify in person concerning Plaintiff's medical conditions and medications; Plaintiff's accommodations required based on his medical conditions; Plaintiff's medical appointments; Plaintiff's medical records; communications with Plaintiff; and any matter covered in his deposition, witness

7

statement or affidavit, if any.

**Defendant:**

(a) None.

2. Witnesses who *__may__* be present at trial if the need arises:

**Plaintiff:**

(a) Michael Mignoli, M.D., South Park Internal Medicine, 206 West County Line Road, #150, Highlands Ranch, Colorado 80129. This witness will testify in person concerning Plaintiff's medical conditions and medications; Plaintiff's accommodations required based on his medical conditions; Plaintiff's medical appointments; Plaintiff's medical records; communications with Plaintiff; and any matter covered in his deposition, witness statement or affidavit, if any.

(b) Rick Zimmerman, D.O., Rehabilitation Associates of Colorado, 9830 B-170, Frontage Road, S., Wheat Ridge, Colorado 80033. This witness will testify in person concerning Plaintiff's medical conditions and medications; Plaintiff's accommodations required based on his medical conditions; Plaintiff's medical appointments; Plaintiff's medical records; communications with Plaintiff; and any matter covered in his deposition, witness statement or affidavit, if any.

(c) Chan Mayber, P.T., Rocky Mountain Physiotherapy Associates, 8015 W.

Alameda Parkway, Suite 110, Lakewood, Colorado 80220. This witness will testify in person concerning Plaintiff's medical conditions and medications; Plaintiff's accommodations required based on his medical conditions; Plaintiff's medical appointments; Plaintiff's medical records; communications with Plaintiff; and any matter covered in his deposition, witness statement or affidavit, if any.

**Defendant**:

(a) None.

### 7. EXHIBITS

a. 1. Plaintiff's Exhibits:

Please see Exhibit 1, attached hereto.

b. Defendants' Exhibits:

None, Defendant anticipates using some or all of the Exhibit endorsed by Plaintiff.

b. Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than July 3, 2008. The objections contemplated by Fed.R.Civ.P.26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than July 11, 2008.

### 8. DISCOVERY

Discovery has been completed.

9

## 9. SPECIAL ISSUES

None.

## 10. SETTLEMENT

Undersigned counsel for the parties certify that:

a. Counsel for the parties have discussed in good faith the settlement of this case.

b. The participants in the settlement conference included counsel, party representatives, and any *pro se* party.

c. The parties were promptly informed of all offers of settlement.

d. Counsel do not intend to hold future settlement conferences.

e. It appears from the discussion by all counsel and any *pro se* party that there is little possibility of settlement.

f. Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.L.CivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provisions of rule 68 of the Federal Rules of Civil Procedure (Offer of Judgement) and have discussed it with the clients against whom claims are made in this case.

10

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to *prevent manifest injustice*. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

Trial is to the Court and is estimated to last one day. The situs of the trial is U.S. District Court for the District of Colorado, Byron White US Courthouse, 1823 Stout Street, Denver, Colorado.

DATED this 11th day of June 2008.

BY THE COURT:

*[signature]*
Richard P. Matsch, Senior District Judge

FINAL PRETRIAL ORDER SUBMITTED:

|  |  |
|---|---|
|  | TROY A. EID<br>UNITED STATES ATTORNEY |
| s/*Thomas A. Bulger*<br>Silvern Law Offices, P.C.<br>1801 Broadway, Suite 930.<br>Denver, Colorado 80202<br>303-292-004<br>silvernlaw@silvernlaw.com | s/*Mark S. Pestal*<br>Assistant United States Attorney<br>1225 17th Street, Suite 700<br>Denver, Colorado 80202<br>(303) 454-0101<br>mark.pestal@usdoj.gov |
| Attorney for Plaintiff | Attorneys for Defendant |